IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AHMED ABDIRZAK AIMAD,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det Cen, et al.,

Respondents.

8:26-CV-398

MEMORANDUM AND ORDER GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He asserts his detention is unlawful because he has been in detention since for over 19 months and there is no significant likelihood that he will be removed from the United States in the reasonably foreseeable future. The Court will grant the petition.

## BACKGROUND

The petitioner fled Somalia with his family in 1991, when he was three years old. Filing 8-6 at 4. He spent several years in a refugee camp in Kenya and was lawfully admitted to the United States in October 1999, as an 11-year-old refugee. Filing 1 at 12; filing 8 at 3; filing 8-6 at 4. He was granted cancellation of removal in 2010. Filing 8 at 4.

In September 11, 2024, the petitioner was arrested in Fargo, ND on a drug possession offense.[1] He was identified in custody by ICE, which lodged a

[1] The petitioner has a history of property and substance-abuse crimes that appear to the Court to be largely explained by untreated mental illness. *See* filing 8-6 at 5-6; filing 8-7.

detainer, and the petitioner was transferred to ICE custody on December 31, 2024. Filing 8 at 4; filing 8-2; filing 8-3. He has been detained since.

On May 12, 2025, an immigration judge ordered the petitioner removed from the United States but granted him withholding of removal to Somalia. Filing 8 at 5; filing 8-6. DHS appealed that decision, but the BIA affirmed the decision on November 25, and ICE began preparing for third-country removal. Filing 5 at 8. In December the petitioner was transferred to the Lincoln County Jail in North Platte, Nebraska for long-term detention.

The petitioner filed this case on August 6, 2026. Filing 1. The petitioner's removal to Rwanda was purportedly scheduled for August 25. Filing 8 at 5. On that assurance, the Court stayed this case to permit the government to effect removal. Filing 10. But on September 1, the government filed a status report stating that the petitioner had not, in fact, been removed. Filing 13-1. Instead, the petitioner had been transferred to Adams County, Mississippi and then to Tallahatchie County, Mississippi, and then to Louisiana for his connecting removal flight. Filing 13 at 1. He was supposed to have a seat on a "Special High-Risk Charter" to Rwanda, but

> [o]n August 26, 2026 at 0938 hours, Petitioner was recalled by Removal International Operations (RIO) after a final review by International Air Operations (IAO) Petitioner was struck from the (SHRC) Mission 26-007466 manifest and was rescheduled for the September Rwandan Charter.

Filing 13-1 at 1. He remains in Tallahatchie County, Mississippi. Filing 13-1.[2]

---

[2] The Court notes that despite the petitioner's present confinement in Mississippi, this Court retains jurisdiction over his petition because the respondents were properly served here.

## DISCUSSION

If a noncitizen has been detained more than six months, and if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the detention is unreasonable unless the government provides sufficient evidence rebutting that showing. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Not every noncitizen must be released after six months; a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of his removal in the reasonably foreseeable future." *Id.*

There's no doubt that the petitioner has been detained more than the presumptively reasonable period. And the Court previously found that the petitioner had met his burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Filing 10 at 1. So, the question is whether the government can rebut that presumption. *See* filing 10 at 1 (citing *Zadvydas*, 533 U.S. 678).

The government previously represented, in response to the petition, that there was significant likelihood of removal in the reasonably foreseeable future because Rwanda had agreed to accept the petitioner and his removal was planned for August 25, 2026. Filing 10 at 1 (citing filing 6 at 1; filing 8 at 6). That, the Court found, was "enough of a showing by the government at this point"—that is, enough of a showing on August 18, 2026. *See* filing 10.

It is not enough of a showing on September 8, 2026. The petitioner has been in custody for over 19 months and subject to a order of removal for nearly 16 months. The government has had more than enough of an opportunity to

---

*Egan v. Hawk*, 983 F. Supp. 858, 860 (D. Minn. 1997); *see also Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998); *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981); *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 965 (8th Cir. 1976).

actually remove him—particularly given that the Court's previous order made it entirely clear that its willingness to defer granting the petition rested on assurances of imminent removal which proved to be illusory. And the government has offered no cogent explanation of the "operational reasons" (whatever that means) which apparently ended his trip after he had been flown to Louisiana.

The Court can't determine whether the government's representations are unreliable because of deliberate misrepresentation or mere ineptitude.[3] But either way, the Court won't be fooled again. Based on the record before the Court, there is no basis to find a significant likelihood that the petitioner will actually be removed in the reasonably foreseeable future. Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

2. The government shall immediately provide the petitioner with transportation to Minnesota[4] and then release him

---

[3] To be clear: When the Court says "the government" here, it means the officials at DHS responsible for the petitioner's deportation, not the Assistant U.S. Attorneys in the District of Nebraska who have litigated this case on their behalf. The Court has no reason to question the candor or competence of the lawyers serving in this district, who can only rely on the information provided to them by their clients.

[4] The petition prays for release to Minnesota, filing 1 at 8, although the petitioner had apparently been in North Dakota when detained, filing 8 at 4. The Court has defaulted to the request in the petition, but is willing to tolerate some flexibility should the petitioner now prefer North Dakota instead. Regardless, he doesn't belong in North Platte, Nebraska, and the government is obliged to return him to someplace he could reasonably call "home."

from custody with no new or additional conditions, returning any personal property seized from him when detained.

3. No later than **September 15, 2026**, the government shall file a status report certifying compliance with this Order.

Dated this 8th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge